IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE BATES II, | ) | Civil Action No. 2:21-cv-1153 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HENRY CLAY TOWNSHIP, | ) | |
| CHARLES MYERS, in his official and | ) | |
| individual capacity, | ) | |
| WILLIAM HAYDEN, in his official | ) | |
| and individual capacity, and | ) | |
| RICK WILSON, in his official | ) | |
| and individual capacity, | ) | Jury Trial Demanded. |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, JESSE BATES II, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action averring as follows:

JURISDICTION AND VENUE

1.     This is an action for the redress of grievances and in vindication of various civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2.     This action is brought against the Defendants for violating Plaintiff's rights under the First and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3.     Jurisdiction is founded on 28 U.S.C. § 1331 and 1343(3).

4.     Venue is proper as all claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff is located in the Western District of Pennsylvania.

1

## PARTIES

5.  Plaintiff, Jesse Bates II, is an adult individual and resident of Fayette County, Pennsylvania.

6.  Defendant, Henry Clay Township ("Township"), is a Pennsylvania municipal corporation with administrative offices located at 156 Martin Road, Marklesyburg, Pennsylvania 15459. At all times relevant to this Complaint, Defendant Township acted by and through its officials, including, but not limited to, Defendants Charles Myers, William Hayden and Rick Wilson.

7.  Defendant, Charles Myers ("Myers"), is an adult individual and resident of Fayette County, Pennsylvania. At all times relevant to this Complaint, Defendant Myers was a duly elected supervisor of Defendant Township, employed by Defendant Township, purporting to act within the full scope and authority of his office.

8.  In his capacity as supervisor, Defendant Myers purported to act as a decision-maker for Defendant Township.

9.  Defendant, William Hayden ("Hayden"), is an adult individual and resident of Fayette County, Pennsylvania. At all times relevant to this Complaint, Defendant Hayden was a duly elected supervisor of Defendant Township, employed by Defendant Township, purporting to act within the full scope and authority of his office.

10. In his capacity as supervisor, Defendant Hayden purported to act as a decision-maker for Defendant Township.

11. Defendant, Rick Wilson ("Wilson"), is an adult individual. Plaintiff believes, and therefore aver, that Defendant Wilson is a resident of Fayette County, Pennsylvania. At all times relevant to this Complaint, Defendant Wilson was employed by Defendant Township as the code enforcement officer, purporting to act within the full scope and authority of his office.

12. The actions of Defendants described herein are part of an unlawful pattern and course of conduct intended to harm the Plaintiff. All of the acts described below were committed by Defendants with reckless disregard and/or deliberate indifference to the constitutional rights of the Plaintiff, and they were done under the color and pretense of the law. As a direct and proximate result thereof, Defendants violated the Plaintiff's constitutional rights, as described herein.

## FACTUAL ALLEGATIONS

13. Plaintiff's paternal grandfather is African-American.

14. Plaintiff is a resident of Defendant Township and owns residential and commercial properties located in Defendant Township.

15. Plaintiff and his family have been subjected to hostile actions, differential treatment and harassment by township officials for years.

16. In or about November of 2019, Plaintiff was duly elected as a supervisor for Defendant Township. Plaintiff's term as supervisor for Defendant Township began on or about January 4, 2020.

17. After the Plaintiff was elected, Margaret Rishel ("Rishel") quit her position as secretary for Defendant Township.

18. Ms. Rishel's husband and previous township supervisor, Gary Rishel ("Rishel"), also refused to continue work for Defendant Township as an employee.

19. Mr. Rishel stated to several individuals, including, but not limited to, Defendants Myers, Hayden and/or Wilson, that he refused to work with a "nigger."

20.     Defendant Hayden has also stated to members of the community that he did not want to work with the Plaintiff.  Plaintiff believes, and therefore avers, that this is because of his race and his grandfather's race, African-American.

21.     Defendants Myers, Hayden and/or Wilson, in their capacity as elected officials of Defendant Township, continuously exclude the Plaintiff from meetings with township employees and/or contractors despite the Plaintiff's position as township supervisor.

22.     Plaintiff believes, and therefore avers, that Defendants Myers, Hayden and/or Wilson, continuously exclude the Plaintiff from these meetings in an attempt to prevent the Plaintiff from performing his duties as township supervisor.

23.     Plaintiff believes, and therefore avers, that these Defendants continuously exclude the Plaintiff from meetings on the basis of his race and his grandfather's race, African-American.

24.     Defendants Myers, Hayden and/or Wilson have a close relationship with Mr. and Ms. Rishel.  Plaintiff believes, and therefore avers, that Mr. and Ms. Rishel continue to have significant influence over these Defendants.

25.     Additionally, Wilbur Daniels ("Daniels") informed the Plaintiff that Defendants Myers, Hayden and Wilson have had meetings with Mr. and Ms. Rishel in which several hostile remarks about the Plaintiff's race and the race of the Plaintiff's grandfather have been made.

26.     These hostile remarks included, but were not limited to, calling the Plaintiff a "nigger" and statements about refusing to work with a "nigger."

27.     As township supervisor, Plaintiff has become aware of multiple issues within Defendant Township and its leadership, including, but not limited to, issues with Defendant Township's budget, mismanagement, inconsistencies with the enforcement of ordinances and unprofessional behavior by Defendants Myers, Hayden and/or Wilson.

28.     On or about June 1, 2020, at a township meeting, Plaintiff read a letter that he wrote detailing the multiple issues within Defendant Township and Defendant Township's leadership, including, but not limited to issues with Defendant Township's budget, inconsistencies with the enforcement of ordinances, mismanagement and unprofessional behavior by Defendants Myers, Hayden and/or Wilson.

29.     At that time, Plaintiff expressed concerns that the unprofessional conduct by Defendant Wilson, in his capacity as code enforcement officer, could leave Defendant Township open to a lawsuit.

30.     On or about December 27, 2020, Plaintiff applied to renew a building permit to build a commercial building on his property located in Defendant Township at 603 Flat Rock Road, Markleysburg, Pennsylvania 15459.

31.     Defendant Township did not renew the Plaintiff's building permit for approximately two (2) weeks.

32.     Plaintiff asked Defendants Myers, Hayden, and/or other representatives of Defendant Township why his building permit was not renewed.

33.     At that time, Defendant Myers told the Plaintiff that Defendant Township could not renew the Plaintiff's building permit because another business owner, Philip Holt ("Holt"), did not approve of a commercial build on the Plaintiff's property.

34.     Plaintiff then asked Mr. Holt why he did not approve of a commercial build on the Plaintiff's property.  Mr. Holt responded that Defendant Myers statement, as more fully described hereinbefore above at Paragraph 33 was patently false and that Mr. Holt never stated that he did not approve of the Plaintiff's commercial build.

35. A few days later, Mr. Holt confronted Defendant Myers for his false statements about Mr. Holt disapproving of the Plaintiff's building permit at a township meeting. Defendant Myers did not have any response at that time.

36. Plaintiff believes, and therefore avers, that Defendant Myers knew that Mr. Holt did not disapprove of the Plaintiff's building permit.

37. Plaintiff believes, and therefore avers, that Defendants Myers, Hayden and/or Wilson, in their capacity as decision makers for Defendant Township, refused to approve the Plaintiff's permit in retaliation for the Plaintiff's protected speech on a matter of public concern, as more fully described hereinbefore above at Paragraph 28.

38. Plaintiff further believes, and therefore avers, that Defendant Myers, Hayden and/or Wilson, in their capacity as decision makers for Defendant Township, refused to approve the Plaintiff's permit due to the Plaintiff's race and the Plaintiff's grandfather's race, African-American.

39. Similarly situated Caucasian property owners have received approvals for permits from Defendant Township, including, but not limited to, Steven Humbert ("Humbert"), a resident of Defendant Township.

40. No rational basis exists for this difference in treatment.

41. Furthermore, in or about 2019, Defendant Township approved a permit for Mr. Humbert to build and operate a used car lot, despite clear violations to township ordinances and multiple complaints by several other residents of Defendant Township.

42. No rational basis exists for this difference in treatment.

43. Moreover, Defendant Township has not required similarly situated Caucasian business owners, including, but not limited to, A&J's Bargain Outlet and Marclay Motors, LLC, to have any zoning or building permits.

44. No rational basis exists for this difference in treatment.

45. As a direct and proximate result of Defendant Township's delay in the renewal of the Plaintiff's building permit, Plaintiff was unable confirm a date with his contractor for a significant amount of time and construction was delayed for two (2) months.

46. This delay caused the Plaintiff a significant financial loss.

## COUNT I:

## PLAINTIFF v. DEFENDANTS

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, §1983 AND THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

### RETALIATION

47. Plaintiff incorporates by reference Paragraphs 1 through 46 as though fully set forth at length herein.

48. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the above-captioned Defendants for violation of Plaintiff's constitutional rights under color of law.

49. At all times relevant hereto, Plaintiff had the right to be free from retaliation based on his right to freedom of speech.

50. As described hereinbefore above, Plaintiff spoke at Defendant Township's meeting about the multiple issues within Defendant Township and Defendant Township's leadership, including, but not limited to issues with Defendant Township's budget, inconsistencies with the

enforcement of ordinances, mismanagement and unprofessional behavior by Defendants Myers, Hayden and/or Wilson.

51. As more fully described hereinbefore above, Plaintiff's right to be free from retaliation for exercising his right to freedom of speech was violated when Defendants refused to renew the Plaintiff's building permit.

52. Plaintiff believes, and therefore avers, that the Defendants refused to renew the Plaintiff's building permit in retaliation for the Plaintiff's protected speech on a matter of public concern, as more fully described hereinbefore above.

53. Defendants' actions, deprived the Plaintiff of rights guaranteed to him by the First Amendment.

54. At all times relevant hereto, Defendants Myers, Hayden and Wilson acted as a policymaker for Defendant Township, and specifically as a policymaker who made and/or ratified the actions which led to the constitutional violations described herein, thereby subjecting Defendant Township to liability for the damages suffered by the Plaintiff.

55. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, and each of them, Plaintiff suffered the following injuries and damages:

    a. violation of Plaintiff's constitutional rights under the First Amendment to the Constitution of the United States to be free from retaliation of the law;

    b. economic damages; and

    c. other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory

special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – RACE DISCRIMINATION

56. Plaintiff incorporates by reference Paragraphs 1 through 55 as though fully set forth at length herein.

57. Plaintiff is a member of a protected class. Plaintiff's grandfather is African-American.

58. As more fully described hereinbefore above, Plaintiff believes, and therefore avers, that Defendants, and each of them, prevented the Plaintiff from acquiring a building permit due to his race and the race of the Plaintiff's grandfather, African-American, as described more fulling hereinbefore above.

59. Moreover, Defendant Township has not required similarly situated Caucasian business owners, including, but not limited to, A&J's Bargain Outlet and Marclay Motors, LLC, to have any zoning or building permits.

60. There was, and is, no rational basis for the difference in treatment between the Plaintiff and the Caucasian business owners, described above.

61. Plaintiff believes, and therefore avers, that he was excluded from meetings by the Defendants on the basis of his race and his grandfather's race, African-American.

62. In their capacity as township supervisors, Defendants Myers and Hayden purported to act as decision-makers for Defendant Township.

63. In his capacity as code enforcement officer, Defendant Wilson purported to act as a decision-maker for Defendant Township.

64. The actions of Defendants Myers, Hayden and Wilson were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendants to punitive damages.

65. As a direct and proximate result of the actions mentioned hereinbefore above, perpetrated by the Defendants, Plaintiff suffered the following injuries and damages:

    a. violation of his constitutional rights under 42 U.S.C. § 1983 and the Fourteenth Amendment;

    b. economic damages; and

    c. other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                    JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – CLASS OF ONE

66. Plaintiff incorporates by reference Paragraphs 1 through 65 as though fully set forth a length herein.

67. As more fully described hereinbefore above, Defendants treated the Plaintiff differently than other similarly situated business owners in that other similarly situated business owners have not been subjected to delays with permits, as more fully described hereinbefore above.

68. No rational basis exists for this difference in treatment.

69. Moreover, Defendant Township has not required similarly situated Caucasian business owners, including, but not limited to, A&J's Bargain Outlet and Marclay Motors, LLC, to have any zoning or building permits.

70. No rational basis exists for this difference in treatment.

71. In their capacity as township supervisors, Defendants Myers and Hayden purported to act as decision-makers for Defendant Township.

72. In his capacity as code enforcement officer, Defendant Wilson purported to act as a decision-maker for Defendant Township.

73. The actions of the individual Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the individual Defendants to punitive damages.

74. As a direct and proximate result of the Defendants' actions, and each of them, Plaintiffs suffered the following injuries and damages:

    a. violation of Plaintiff's constitutional rights under the Fourteenth Amendment to the Constitution of the United States to enjoy the equal protection of the law;

    b. economic damages; and

    c. other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                                            JURY TRIAL DEMANDED

## COUNT IV:

### PLAINTIFF v. DEFENDANTS MYERS, HAYDEN and WILSON

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C.A § 1985(3) AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

### CONSPIRACY

75. Plaintiff incorporates by reference Paragraphs 1 through 74 as though fully set forth at length herein.

76. The aforementioned actions of Defendants Myers, Hayden and Wilson constituted a conspiracy to deny Plaintiff equal protection of the laws and his right to be free from retaliation, thereby violating 42 U.S.C. §1985(3).

77.     Defendants Myers, Hayden and Wilson acted in concert with one another to unlawfully retaliate against the Plaintiff and to unlawfully treat the Plaintiff differently than Caucasian individuals.

78.     The conspiracy of Defendants Myers, Hayden and Wilson was motivated by a race-based, invidiously discriminatory animus.

79.     The actions of the individual Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the individual Defendants to punitive damages.

80.     As a direct and proximate result of the Defendants' actions, and each of them, Plaintiffs suffered the following injuries and damages:

   a.   violation of Plaintiff's constitutional rights under the First and Fourteenth Amendments to the Constitution of the United States to enjoy the equal protection of the law;

   b.   economic damages; and

   c.   other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                          JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        <u>s/ Joel S. Sansone</u>
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Two Gateway Center, Suite 1290
        603 Stanwix Street
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated:  August 30, 2021